IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGIA MCCLENTON                                                                    PLAINTIFF

V.                                                                      CAUSE NO.: 4:16CV183-SA

CANNON CHEVROLET, CADILLAC,
NISSAN INC. d/b/a Cannon Motors of Mississippi,
FCA US LLC d/b/a CHRYSLER                                                          DEFENDANTS

MEMORANDUM OPINION

Plaintiff originally filed this action in the Coahoma County Circuit Court. Defendant FCA US LLC removed this action in September of 2016 on the grounds that the only non-diverse defendant, Cannon Chevrolet, Cadillac, Nissan, Inc. ("Cannon Chevrolet") was improperly joined and should be disregarded for purposes of diversity analysis. *See* Notice of Removal [1]. Plaintiff has now moved for a Motion to Remand [13]. Because FCA has sufficiently shown that the threshold for diversity jurisdiction exists, the Motion to Remand is DENIED.

*Factual and Procedural Background*

Georgia McClenton alleges that that she purchased a 2016 Dodge Journey from Cannon Chrysler Dodge Jeep Ram ("Cannon CDJR") in Greenwood, Mississippi. Shortly thereafter, McClenton claims that a fire originating from the vehicle spread to her property, destroying the vehicle, her home, and all its contents and personal property within. She filed a complaint alleging a breach of warranties, both express and implied, and defective design and defective manufacture, all causes of action under the Mississippi Products Liability Act.

Defendant FCA US LLC removed the action to this Court alleging that the in-state dealership was improperly joined and diversity jurisdiction existed. Plaintiff seeks to remand the

case back to the Coahoma County Circuit Court alleging that FCA US LLC failed to establish jurisdiction in this Court.

*Standard for Removal and Remand*

This case was removed based on 28 U.S.C. Section 1332, diversity of citizenship jurisdiction. Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

"The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989) (citation omitted). Whether a case is removable must be determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito-Lay, Inc.*, 743 F. Supp. 483, 485 (S.D. Miss. 1990). The removing party alleging diversity of citizenship jurisdiction on the basis of improper joinder has the burden of proving either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *Laughlin*, 882 F.2d at190.

In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the improper joinder question. The *Travis* court held:

> [T]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts

> involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir. 2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon*, 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Id*.

When conducting an improper joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992), but "only when there exists an actual controversy, i.e. when both parties have submitted evidence of contradictory facts." *Badon*, 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id*. (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

*Discussion and Analysis*

Plaintiff's Complaint does not specify a dollar amount of damages sought. However, in the Notice of Removal, the Defendant notes that Plaintiff seeks as damages the value of the

property, which adds up to over $75,000.[1] Therefore, the Court finds that the amount in controversy requirement of § 1332(a) is met.[2]

Further, the removing Defendant submitted an affidavit that no members of FCA US LLC are citizens of Mississippi. Accordingly, the citizenship of FCA has been resolved in this case. However, the joinder of the other in-state defendant, Cannon Chevrolet, remains at issue. The removing defendant contends that Plaintiff improperly joined Cannon Chevrolet as she makes no specific allegations toward Cannon Chevrolet. Even if the claims were appropriate under the Mississippi Products Liability Act, the Defendant counters, Plaintiff has brought suit against the wrong entity. Both parties have acknowledged that Plaintiff did not buy the vehicle from Cannon Chevrolet. Receipts and affidavits establish that Plaintiff bought her car from Cannon Chrysler Dodge Jeep Ram, a separate entity from Cannon Chevrolet. Therefore, to the extent that Defendant FCA claims Cannon Chevrolet was improperly joined, the Plaintiff has admitted to her inability to establish a cause of action against that non-diverse party in this court. Accordingly, the second prong of the analysis is satisfied, the inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." *See Travis*, 326 F.3d at 648.

Regardless, however, of whether the Plaintiff names the correct Defendant car dealership, however, the case law on the Mississippi Products Liability Act precludes from recovery against a car dealership that admittedly sold her a "virtually brand new [vehicle]" of which the

---

[1] The damages to tangible assets, which include the value assessed to the dwelling on Plaintiff's properly at $42,048, and the subject vehicle's replacement value was contractually set at $26,590, put the Plaintiff's requested damages over $68,000. Those items, plus Plaintiff's requested damages of loss of personal property, clean up and restoration expenses, alternative housing, mental distress, and attorney fees would put Plaintiff well over the $75,000 threshold.
[2] The Court notes that Plaintiff has since dismissed her claim for loss of the vehicle due to a state court action pending regarding that property. As the jurisdictional threshold was satisfied at the time of removal, this action does not divest the court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (noting that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do no divest the court of diversity jurisdiction").

dealership never opened the hood. *See* Memorandum in Support of Motion to Remand [14]. Section 11–1–63(h) of the Mississippi Code provides that an innocent seller "shall not be liable" for any action pursuant to section 11–1–63(a)—which includes all claims cited by Plaintiff—unless the seller either: (1) "exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought"; (2) "altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought"; or (3) "had actual or constructive knowledge of the defective condition of the product at the time he supplied the product." MISS. CODE ANN. § 11–1–63(h) (1972 & Supp. 2011). *Murray v. Gen. Motors, LLC*, 478 F. App'x 175, 179-80 (5th Cir. 2012).

Plaintiff acknowledges in her Complaint that "the subject products were not materially changed from the condition in which it was manufactured . . . ." Plaintiff's allegations fail to assert any exercise of substantial control or any alteration to the vehicle. In fact, Plaintiff specifically disclaims such behavior in her Complaint. As far as actual or constructive knowledge of the condition of the vehicle, Plaintiff has failed to allege that there is a reasonable basis of recovery on that issue.

As pleaded, the innocent seller exemption applies and recovery against the in-state defendants not reasonable. Plaintiff has offered no evidence or allegation that Cannon Chevrolet or Cannon DJR was anything more than a conduit for the vehicle. MISS. CODE ANN. § 11-1-63(h); *Murray*, 478 F. App'x at 179. As a result, the Court determines that Cannon Chevrolet, or Cannon DJR if an amendment was allowed, is entitled to Section 11-1-63 immunity from suit, and Plaintiff cannot state a cognizable claim against the non-diverse defendant in this civil matter. Therefore, the non-diverse defendant is hereby dismissed.

5

*Conclusion*

With the in-state defendant now absent from this litigation, the remaining parties are diverse and this Court has diversity jurisdiction over this matter. Plaintiff's Motion to Remand [13] is DENIED.

SO ORDERED, this the 28th day of September, 2017.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**